UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
UNITED STATES OF AMERICA,

                                                                             **OMNIBUS MOTION**

        -against-                                        07 CR 311(DAB)

Abass Gles

                            Defendant
------------------------------X

       I am the attorney for Abass Gles in connection with the above-referenced matter. In accordance with the guarantees of the Fourth, Fifth, and Sixth Amendments to the United States Constitution, especially expressed in Brady v. Maryland, 373 U.S. 83 (1963), Giglio v. United States, 405 U.S. 150 (1972), and United States v. Agurs, 427 U.S. 97 (1976), and pursuant to the provisions of the Federal Rules of Criminal Procedure, the Federal Rules of Evidence, and 18 U.S.C. §§ 2510-2520, 3500 and 3504, and such Local Rules as may be applicable, we make the following requests for discovery, inspection and copying:

    1.    The defendant requests to inspect and copy (a) any relevant, written or recorded statements made by him, or copies thereof, within the possession, custody or control of the government, the existence of which is known, or by the exercise of diligence may become known to any attorney for the government; (b) the substance of any oral statement made by defendant which the government intends to offer in evidence at the trial and which was made in response to interrogation by any person then known to defendant to be a government agent; and (c) recorded testimony by defendant before a grand jury relating to the offenses charged or which consists of the identification of documents which were produced in accordance with any grand jury subpoena. This request also seeks a copy of any "pedigree" form compiled by a law enforcement agent from information supplied by the defendant.

    2.    The defendant further requests to inspect and copy written, recorded or oral statements, by whomever made, which the government will seek to attribute to him. Should the government seek to hold defendant to the statements of others, the statements become "statements made by the

    defendant" within Rule 16 (a) (1) (A), Fed. R. Crim. P., and Rule 801 (d) (2) (A-E), FRE. In this category the defendant includes statements made by his agents, employees and alleged co-conspirators, adoptive admissions and all other vicarious utterances.

3. The defendant further requests to inspect and copy the substance of any oral statements made by him to persons who elicited the statements at the request of agents of the government which the government intends to offer in evidence at trial. In this category the defendant includes recorded telephone conversations in which a party to the conversation consented to the recording.

4. The defendant requests discovery of all relevant recorded testimony of any grand jury witness who, at the time of his testimony, because of his position or status, is asserted by the government to have been able legally to bind defendant in respect to conduct constituting one of the offenses. or evidence relating to any alleged offenses, or who at the time of the alleged offenses was personally involved in the alleged unlawful conduct charged in this indictment or so situated as to have been able legally to bind the defendant in respect to that alleged conduct.

5. The defendant requests that he be permitted to inspect and copy all statements made before a grand jury by agents of the government which related what these agents had been told by others, provided that, had these hearsay declarants testified before the grand jury, this defendant would have been entitled to inspect that testimony under the provisions of Rule 16, Fed. R. Crim. P.

6. The defendant requests that he be permitted to inspect and copy all photographs, video tapes, books, papers, documents, tangible objects, buildings or places, or copies of portions thereof, which are within the possession, custody or control of the government, and which are material to the preparation of the defense of this defendant, or which are intended for use by the government as evidence in chief at the trial, or were obtained from or belong to the defendant or any co-defendant.

7. The foregoing request number 6 encompasses all books, papers and documents which were tendered to the government in response to a subpoena duces tecum or in response to a written or oral request; whether the documents were obtained by the government directly or through the use of an intermediary.

8. The defendant requests that the government permit him to inspect and

copy any results or reports of physical or mental examinations, scientific tests or experiments, or copies thereof, which are in the possession, custody or control of the government, the existence of which is known or by the exercise of due diligence may become known to the attorney for the government, and are material to the preparation of the defense or which are intended for use by the government as evidence in chief at the trial. Without limitation, the defendant requests that the government disclose the following:

a. All psychological tests, including but not limited to the psychological evaluation required by 18 U.S.C. § 3521(c), performed upon any government witness whether or not such tests were performed at a government facility. Included in this request are tests which were performed by military personnel as well as tests performed by law enforcement and prison personnel.

b. All handwriting exemplars, handwriting samples, documents subjected to expert examination, and opinions of document and handwriting experts, upon which the government will rely, which are material to the defense of this case, or which are exculpatory of the defendant or any codefendant.

c. All fingerprint and palmprint exemplars, fingerprint samples, comparisons and opinions of fingerprint experts, upon which the government will rely, which are material to the defense of this case, or which are exculpatory of the defendant or any codefendant.

d. All attempts at voice identification by whatever means, upon which the government will rely, which are material to the defense of this case, or which are exculpatory of the defendant or any codefendant.

e. All forensic analyses which are material to the defense of this case, or which are exculpatory of the defendant or any codefendant.

f. All evidence in the government's possession that any person in connection with this investigation, including but not limited to, persons whom the government intends to call as witnesses, underwent any polygraph examination, psychological stress evaluation or any other scientific procedure devised to determine whether a subject is telling the truth; and all evidence in the possession of the government that any alleged co-conspirator, or other person allegedly associated in any way with the defendant submitted to a polygraph examination for the purpose of

determining whether such person was being truthful concerning any matter relevant to this indictment.

    g.    The process and output of any computer system operated by the government concerning (i) the allegations in the indictment, (ii) witnesses the government intends to call upon the trial, or (iii) the defendant herein, including computer programs utilized by the government for the analysis and processing of this data (the software) and the database (memory). The defendant requests without limitation the results and programs of computer analysis concerning these matters from the data processing section of the Federal Bureau of Investigation and the United States Customs Service, or any other source. Defendant further requests an output of the following listings; (a) listings sequenced by name; (b) listings sequenced by item identification; (c) listings of summaries sequenced by file and serial; (d) a description of all data which were fed into any computational device used by the government in the investigation of defendant in this case; (e) a description of all sources for data which were fed into the aforementioned computational device; (f) an inventory of all computations which were programmed into any such computer; (g) a description of all models statistical or otherwise, which were used by the government in the program by which data concerning these charges were processed; (h) a hard copy of all computer outputs, memory bank contents, input verifications, and software of any computational device used by the government in the investigation of the defendant.

9.    Defendant requests that the government provide a written summary of testimony the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case in chief at trial. This summary must describe the witnesses' opinions, the bases and the reasons therefore, and the witnesses' qualifications.

10.    The defendant requests pursuant to the provisions of 18 U.S.C. § 3504, and as a predicate to motions pursuant to Rules 12 and 41, Fed. R. Crim. P. and U.S.C. §§ 2518(8)(a), 2518(10), that the government disclose the following:

    a.    Whether any evidence in its possession relating to any aspect of

this case was acquired as a result of a search and seizure by (i) federal agents, (ii) persons acting at the behest of federal agents, or (iii) other law enforcement agents regardless of by whom employed, together with a description of this evidence. This information is sought regardless of whether the government will ultimately claim that the defendant lacks standing to object to such search and seizure. This request should be deemed to include copies of any search or arrest warrant, together with affidavits and exhibits in support thereof; any police or law enforcement agency bulletin or other such directive relating to the defendant; and any recorded radio transmission concerning the defendant.

b.  Whether any evidence in its possession concerning the defendant was obtained by any form of electronic surveillance or interception, including a "beeper" or other tracking device, and a description of this evidence. Any documents reflecting or relating to any wire communications or oral communications intercepted by the Government to which defendant was a party, or during which defendant was present, or which were obtained by interceptions directed against the defendant, co-defendant or co-conspirator, or to which any witness the prosecution intends to call at trial was a party, or which the government intends to introduce at trial, whether or not such interceptions were authorized or lawful. The terms "wire communications," "oral communications", and "interceptions" are used here as defined in 18 U.S.C. § 2510. This request includes one-party "consent" aural acquisitions. The request includes, without limitation, logs, transcripts and tapes of the intercepted communications, a list of all communications to which defendant has been identified as a party, all applications, affidavits and exhibits to the Court, and orders of the Court with respect thereto, all inventory orders, inventories and reports of service thereof and competent evidence of all the facts and circumstances concerning the authorization for the applications to intercept any wire communications involved in this case, all instructions, written or oral, relating to the "minimization " of interceptions.

c.  Whether any evidence in its possession concerning the defendant was acquired by means of a mail cover, pen register or any other similar interception or intrusion and a description of this evidence.

d.  Whether any property, tangible or otherwise owned by the defendant or previously in his possession, was obtained by the government by any means other than a subpoena duces tecum, and a description of this property.

e.  Whether any documents, papers or other tangible items were directly obtained from the defendant and description of the documents, papers, or tangible items, the date and place where obtained, and the means by which they were obtained.

f.  Whether any document related to this case was obtained by the government by subpoena duces tecum, search warrant, or written or oral requests, and a description of this document.

g.  Whether the defendant was subject to the interception of messages which were transmitted by means of private courier, common carrier, telephone, telex, TWX or radio, and a description of the messages and the means of interception.

h.  Whether there were any interceptions of international telephone, telex, TWX or other communication to which defendant was a party or which were made from or received at any premises in which defendant had an interest, and a description of the communication and the means of interception.

i.  Whether the government intends to use, as evidence-in-chief, any evidence which the defendant may be entitled to discover under Rule 16, Fed. R. Crim. P., and which may afford the defendant an opportunity to move to suppress such evidence. Rule 12(d)(2), Fed. R. Crim. P.

In connection with this request, defendant further requests the government to make inquiry of the below listed agencies to determine whether electronic surveillance or consensual recordings of the defendant's conversation has occurred in this or any other investigation conducted by the federal, state or local governments.

a.  Federal Bureau of Investigation.

b.  Secret Service.

c.  Internal Revenue Service.

d.  Customs Service.

e.  Postal Service.

f.  New York City Police Department.

6

    g.    New York County District Attorney's Office.

    h.    New Jersey State and Local Law Enforcement Agencies

(And, if so, make available information about the aforesaid electronic surveillance for the inspection and reproduction by the defendant.)

11. The defendant requests that the government disclose whether the name Abass Gles was given by any federal agency to the National Security Agency for the purpose of inclusion in that agency's "watch list", and a designation of the providing federal agency, the date of provision, and the names provided.

12. The defendant, pursuant to the provisions of Rule 104 FRE and the defendant's right to effective representation by counsel and a fair trial, requests that the government disclose whether it intends to offer, in its case in chief, as a statement by this defendant, any of the following:

    a.    Any statement by the defendant in his representative capacity .Rule 801 (d)(2)(A), FRE.

    b.    Any statement to which this defendant manifested his adoption or belief in its truth. Rule 801 ( d) (2)(B ), FRE.

    c.    Any statement made by another which was purportedly authorized by the defendant. Rule 801(d)(2)(C), FRE.

    d.    Any statement, whether or not reduced to writing, by an agent or servant of the defendant concerning a matter within the scope of his agency or employment and made during the existence of such a relationship. Rule 801 (d)(2)(D), FRE.

    e.    Any statement by any person claimed to be a conspirator with the defendant made during the course of and in furtherance of the alleged conspiracy. Rule 801 (d)(2)(E), FRE.

    f.    Any statement made by any person claimed by the government to have been a co-conspirator with the defendant made prior to the formation of the alleged conspiracy and offered to provide intent to form a conspiracy.

    g.    Any statement of a co-defendant naming or implicating the defendant which comes within the scope of Bruton v. United States, 391 U.S. 123 (1968).

    h.    Any independent evidence upon which the government will rely

for the admission of alleged co-conspirator statements. 801 (d)(2)(E), FRE.

13. The defendant further requests that the government disclose whether it intends to offer at trial any of the following evidence:

   a. Recorded recollection.

   b. Records of regularly conducted activity

   c. Absence of entries.

   d. Public records and reports.

   e. Absence of public records.

   f. Other exceptions under FRE 804(b)(1)-(4) and 807.

14. The defendant further requests that the government inform him whether it intends to rely upon learned treatises.

15. The defendant further requests that the government inform him whether it will ask the Court to take judicial notice of matters relevant to the government's case.

16. The defendant further requests that he be advised whether the government will seek to offer any charts or summaries in evidence, and if so, that counsel be given copies thereof.

17. Pursuant to the Fifth and Sixth Amendments to the United States Constitution and Rule 404(b), FRE, the defendant requests that the government disclose all evidence (including reference to any applicable document and potential witness), of other crimes, wrongs or acts, allegedly committed by him or by any other co-defendants, upon which the government intends to rely to prove motive, scheme, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident. The defendant also requests that the government provide any alleged prior criminal record of the defendant.

18. The defendant requests that the government disclose the identity of those persons who at trial will be alleged to be co-conspirators other than those expressly named in the indictment.

19. The defendant further requests that the government disclose whether it intends to rely upon overt acts in addition to any recited in this indictment.

        The defendant asserts that a failure to make such disclosures would deprive him of a fair trial and the effective assistance of counsel.

20. The defendant, pursuant to the provisions of the Fifth and Sixth Amendments to the United States Constitution and Rule 608(d), FRE, requests that the government disclose whether, should the defendant testify in his own behalf, the government will attempt to rely upon specific instances of conduct for the purpose of impeachment and to identify any such instance.

21. The defendant requests that the government furnish any evidence in its possession tending to impeach the credibility of any hearsay declarant upon whose statement the government intends to rely. The defendant asserts that Rule 806, FRE, allows him to impeach the credibility of a hearsay declarant in the same manner as though that person had testified in person and that such evidence impeaching credibility is exculpatory.

22. The defendant requests that the government disclose the following evidence in its possession concerning persons it intends to call as witnesses at trial:

    a. Each specific instance of conduct from which it could be inferred that the person is untruthful.

    b. All evidence in the possession of the government from which it could be inferred that the person has a reputation for untruthfulness or for shifting his own blame upon other persons.

    c. All evidence that the person has a habit of attempting to secure an advantage for himself by the use of innocent persons to further an unlawful scheme or plan.

    d. All evidence of any statement that is inconsistent or arguably inconsistent with another statement made by the same person or by another.

    e. All evidence that demonstrates a lack of knowledge or a denial of knowledge about the facts of this case or alleged guilt of the defendant.

    f. All evidence of promises of leniency, plea or immunity agreements or other considerations made to witnesses by agencies of state or federal government. This request seeks any and all promises, understandings, or agreements, formal or informal, between the prosecution, its agents and representatives and persons (including

       counsel for such persons) whom the government intends to call as witnesses at trial, together with copies of all documentation pertaining thereto. This request includes, but is not limited to, such promises, understandings, or agreements as may have been made in connection with other cases or investigations. This request includes information concerning any payment of moneys to or for the benefit of any prospective witness. This request also includes any payment of monies to or for the benefit of any prospective witness, any member of a prospective witness' family, or any close associate of a prospective witness, pursuant to 18 U.S.C. § 3521(b).

    g.   All evidence of criminal records of witnesses or documents (tape recordings, etc.) which reveal acts of moral turpitude committed by prosecution witnesses which are known, or by the exercise of due diligence, may become known to the government.

    h.   All statements in the possession of the government which would tend to impeach the credibility of any witness upon whom the government intends to rely upon this trial including, but not limited to, statements which contradict other statements by these and other persons.

    i.   All evidence of criminal conduct - state or federal - on the part of any person whom the prosecutor intends to call as a witness at trial of which the prosecution, its agents and representatives have become aware.

    j.   All evidence, either documentary or otherwise, that any person who is a government witness in this case is or was suffering from any physical or mental disability or emotional disturbance, drug addiction or alcohol addiction at any time during the period of the indictment to the present.

       It is further requested that the information sought in 22 (a) through (j) be provided immediately, and updated as the case may be, so that the defendant will have an adequate opportunity to investigate the material provided.

23.   The defendant requests that the government furnish him with all statements given to government agents by persons who either died or became otherwise unavailable from the date of the inception of this investigation to the date of the unsealing of the indictment, so that the defendant may determine whether the government profited from any preindictment delay.

24. The defendant requests that the government provide him with the following exculpatory evidence which is exclusively within the possession, custody or control of the government and which the defendant cannot obtain within a reasonable length of time by any means other than this request:

A copy of all documents obtained by the government in connection with this or any related investigation, including, but not limited to the following, and a clear and explicit index of how such documents relate to Mr. Abass Gles in particular:

(1) Tax records, incorporation documents, contracts, specifications, time records, payroll records, correspondence, diaries, memoranda, telephone records, or logs, either received by or prepared by persons or entities which purportedly evidence any fact or allegation pertinent to this case.

(2) All bank records obtained in connection with this investigation and a description of all bank records which were examined but which were neither retained nor copied, including deposit tickets, bank statements for all accounts for both Esrod Metals and Sun Metals, memoranda, checks, debit and credit memos, proof tapes, loan ledgers, loan files, customer financial statements, and correspondence.

(3) All documents obtained from the Internal Revenue Service in connection with this investigation, including income tax returns, reports of specific agents, net worth analyses, analyses of receipts, deposits and disbursements, auditing worksheets and applications of fund statements.

(4) Any telephone toll records.

(5) The names of all persons who either directly or indirectly were offered some inducement by an agent of the government in return for testimony in this case, regardless of whether the inducement was offered to the person directly or through a lawyer, whether it was in the form of a threat or a promise, whether the offer was accepted or rejected and whether the government intends to call the person as a witness or not. By inducement it is meant all things of value to the person sought to be induced, including but not limited to the following; suggested prosecutions for crime; suggested investigation for crime; suggested deprivation of or injury to income, profession or

reputation; suggestions of injury to either the person himself or to any other person; suggestions of increased sentence in pending prosecution or conviction; suggestions of information to be furnished to a judge concerning an individual's lack of cooperation with investigating agents or prosecuting authorities; suggestions that others will be informed of alleged misconduct; suggestions of immunity from prosecution; suggestions that the number or seriousness of pending or proposed charges will be reduced; suggestions of recommendations of leniency in federal and state prosecution; suggestions that fees, compensation and expenses will be paid in exchange for cooperation; suggestions that protection for self, family, or others will be provided and suggestions that income taxes or deficiencies will be adjusted or relieved.

25. The defendant requests the government to produce all of the "Jencks Act" material with respect to any witnesses or co-conspirators whom the government does not intend to call on its case-in-chief.

26. The defendant hereby requests:

   a. Copies of all grand jury subpoenas issued in the course of the grand jury's or grand juries' investigation.

   b. Proof that all records obtained by grand jury subpoenas in the course of the investigation were returned before the grand jury under whose authority the subpoenas were issued.

   c. Colloquy between the prosecutor or prosecutors who presented evidence to the grand jury or grand juries in the course of the investigation, including comments by the prosecutor concerning credibility of witnesses and weight of evidence, and legal instructions, including instructions on the elements of the offenses, given to the grand jury which returned the indictment.

   d. All exculpatory evidence presented to the grand jury or grand juries.

   e. Evidence of any presentation to the grand jury or grand juries of any statement by a defendant purporting to be an admission.

   f. The date the grand jury voting this indictment was empaneled.

27. Defendant hereby requests the identity of any and all informants who provided information in the investigation leading to the defendant's indictment, or who participated in any way with the defendant or law

enforcement personnel in any activity or event that is connected to this case.

28. Defendant hereby requests that all original notes and tape recordings made by investigators or attorneys in the course of interviewing any witnesses be preserved and produced for use by the defense. If such notes or recordings have been destroyed, the defendant requests a detailed statement explaining the circumstances of such destruction, and the names of all individuals approving, authorizing, witnessing or participating in such destruction.

29. Defendant hereby requests that the government disclose:

   a. When the investigation of defendant by any government investigatory agency commenced.

   b. When prosecution of the matter under indictment was first recommended.

   c. All prosecution memoranda prepared by or on behalf of any investigative or prosecutorial agency in connection with the indictment.

30. The defendant requests to be advised of all judicial proceedings including any criminal cases, involving (as a witness, unindicted co-conspirator or defendant) any person who is a potential government witness at the trial in this action.

31. A written list of the names and addresses of all government witnesses who the attorney for the government intends to call in the presentation of its case-in-chief.

32. In addition to the information and material requested above, any documents, books, papers, photographs, scientific tests or experiments, tangible objects, written or recorded statements of anyone, grand jury transcripts and oral statements of anyone, reports, memoranda, names and addresses of persons, or other evidence or information which either tends to exculpate the defendant or tends to be favorable or useful to the defense as to either guilt or punishment, or tends to affect the weight or credibility of the evidence to be presented against the defendant, or which will lead to evidence favorable to or exculpatory of the defendant which is within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government.

# BILL OF PARTICULARS

For an Order pursuant to Federal Rules of Criminal Procedure, Rule 7(f) ; Wrong Tai v. United States, 273 U.S. 77, 47 S.Ct. 300 (1929) ; United States v. Lebron, 222 F.2d 531, 535-36 (2d 1955) ; United States v. Cafaro, 480 F. Supp. 1182 (S.D.N.Y. 1979) , compelling the government to supply the following:

1. Count 1, overt act 3a, 3b.
   - State the names of the persons Kwame Prempeh and Abass Gles allegedly instructed to pick up a Dell laptop computer(s).
   - State the address(es) it was to be shipped.
   - State the name(s) and information used to obtain the credit.
2. Count 2, overt act 6a, 6b.
   - State the name(s) of the accomplice(s).
   - State what goods were purchased.
   - State the names and addresses of the electronics stores.
   - Identify the credit card by account number and any relevant information including the identity of the owner.
   - State the exact dates the goods were purchased.
   - State how the credit card was used to purchase the goods - i.e., was the credit card used in person, on the phone, or the internet
3. Count 3
   - State the details regarding the name, social security number, and "other information" of the persons used to obtain computers and electronic equipment.
   - State the details regarding the computers and electronic equipment allegedly obtained – i.e., name, model number, retail price

Dated: New York, New York
June 13, 2007

MICHAEL HURWITZ, ESQ.-3306
Attorney for Defendant
299 Broadway, Suite 800
New York, NY 10007

14